FILED
United States Court of Appeals
Tenth Circuit

**March 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACKEY WAYNE NUNAMAKER,

    Defendant - Appellant.

No. 25-5112
(D.C. No. 4:24-CR-00278-GKF-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

After the district court rejected his Second Amendment attack on the constitutionality of 18 U.S.C. § 922(g)(1) as applied to his prior felony convictions, all of which he says may be considered non-violent, Defendant Jackey Wayne Nunamaker entered a conditional plea of guilty to one count of being a felon in possession of a firearm. The district court sentenced Defendant to thirty-months' imprisonment and he appealed his conviction. Our jurisdiction arises under 28 U.S.C. §1291.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

In his opening brief, Defendant acknowledges that Tenth Circuit precedent presently precludes his attack on § 922(g)(1)'s constitutionality such that the present appeal is "for preservation purposes and potential further review." Op. Br. at 5. Defendant is correct that our decision in *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025), *cert. denied* 2026 WL 568283 (March 2, 2026), upheld the constitutionality of § 922(g)(1) over a Second Amendment objection as to any individual convicted of a prior felony, including a non-violent felony offender. That opinion sets forth the rationale for the Court's holding and we need not repeat that rationale here. *See also United States v. Warner*, 131 F.4th 1137 (10th Cir. 2025) (despite "the shifting Second Amendment landscape," *Vincent v. Bondi* governs defendant's challenge to the constitutionality of § 922(g)(1) as applied to non-violent felony offenders).

Because controlling Tenth Circuit precedent compels this panel to uphold the district court's denial of Defendant's motion to dismiss the indictment, the judgment of the district court is affirmed. *See United States v. White*, 782 F.3d 1118, 1126–27 (10th Cir. 2015) (one Tenth Circuit panel cannot overrule the judgment of a prior Tenth Circuit panel absent a Tenth Circuit en banc or Supreme Court decision contrary to the prior panel's analysis).

AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

2